UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DEAD RIVER COMPANY, LLC, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:22-cv-00049-JAW |
| KENNETH BOYINGTON, et al., | ) ) ) | |
| Defendants | ) | |

**ORDER ON MOTION TO QUASH SUBPOENAS**

Plaintiff alleges Defendants Boyington and Goodwin, two former employees of Plaintiff, breached their duty of loyalty to Plaintiff and misappropriated Plaintiff's proprietary, confidential and trade secret information. (Complaint, ECF No. 1.) Defendants seek to quash two subpoenas directing Verizon Wireless (Verizon), Defendants' cell phone service provider while they were employed by Plaintiff, to produce documents relating to Defendants' prior phone numbers/accounts. (Motion to Quash, ECF No. 31.)

Following review of the record and after consideration of the parties' arguments, the Court grants Defendants' motion, but authorizes Plaintiff to serve new subpoenas.

### BACKGROUND

In 2018, Plaintiff acquired from Richard and Emily Crowley the assets of Crowley Energy,[1] a fuel-oil and propane business. (Affidavit of Guy Langevin (Langevin Aff.) ¶ 2,

---

[1] Crowley Energy was the d/b/a of Coastway Transportation, Inc. (Langevin Aff. ¶ 6.)

ECF No. 4-1.)  The assets acquired by Plaintiff included all rights in Crowley Energy's cell phone plan.  (*Id.* ¶15; *see* Plaintiff's Opposition, Ex. A, ECF No. 32-1.).   Defendants were working for Crowley Energy at the time of its acquisition by Plaintiff, and both became employed by Plaintiff after the acquisition.  (Langevin Aff. ¶ 8.)  The cell phones and cell phone accounts, therefore, were among the assets Plaintiff acquired from Crowley Energy.

Defendants first obtained the cell phone numbers in or about 2010. (Affidavit of Narissa Goodwin (Goodwin Aff.) ¶ 4, ECF No. 7-1.)  The accounts associated with the cell phone numbers were subsequently transferred to Crowley Energy's account.  (*Id.*)  Defendants contend that, during the time they used the cell phones, Defendants stored personal information on the phones, including bank account data, mortgage information, passwords, music collections, and personal photographs.  (*Id.* ¶10.)

Plaintiff contends that after Defendants began working for Plaintiff, Defendants used the phones in the conduct of Plaintiff's business, including through text messages, email, and phone calls, and that Defendants could access Plaintiff's proprietary, confidential, and trade secret information through the phones.  (Langevin Aff. ¶¶ 16-17.)  Defendants maintain that they had access only to their business email accounts through their respective phones, but they could not access Plaintiff's customer lists or other customer information. (Goodwin Aff. ¶ 9.)

Plaintiff terminated Defendants' employment on January 25, 2022, after learning that Defendants had formed a separate fuel business, Coastline Energy, LLC.  (*Id.* ¶ 11; Langevin Aff. ¶¶11, 23-24.)  Plaintiff demanded Defendants turn over their phones to Plaintiff.  (Goodwin Aff. ¶ 12; Langevin Aff. ¶ 25.)  Defendants refused to do so initially,

2

because the phones belonged to them and contained all their personal data. (*Id*.) Defendants subsequently transferred the cell phone numbers to personal accounts, purchased new phones, and transferred all their data to the new phones. (Goodwin Aff. ¶ 13.) Defendants also performed "factory resets" on the old phones, thereby wiping the phones of all their data and history. (*Id*. ¶ 13.) On February 2, 2022, Defendants returned the phones to Plaintiff. (Langevin Aff. ¶ 26.)

Plaintiff's policy with respect to "Company mobile phones … issued for business purposes" states that Plaintiff "allows for occasional or incidental personal use" of such phones and "use of electronic media" of the phones. (Opposition to Motion to Quash, Ex. B, PageID #: 177, 178, ECF No. 32-2.) The policy also informs employees that, while Plaintiff "does not routinely access or monitor employee communications directly," Plaintiff receives detailed call records for all of the issued phones and has the "right to review these call records for cost analysis or for detecting usage patterns not in line with this policy." (*Id*., PageID #: 177; *see also* 178-79.)

Plaintiff served two identical subpoenas on Verizon, the cell phone service provider for Defendants' former cell phone numbers, dated September 1, 2022. (Motion to Quash, Exs. A & B, ECF Nos. 31-1, 31-2.)[2] The subpoenas seek, in part, "all documents" regarding the cell phone numbers for an eight-month period, from June 1, 2021 to February 1, 2022. (*Id*., requests ¶¶ 2, 4.)

---

[2] One subpoena is directed to Verizon's office in Augusta, Maine, and the other to its office in Bedminster, New Jersey. (*Id*.)

## LEGAL STANDARD

A subpoena served on a third party pursuant to Federal Rule of Civil Procedure 45 is subject to the same standards as to relevance and proportionality governing discovery between the parties. *See, e.g., Rice v. U.S.*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that a court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." A party, moreover, "has standing to move to quash a non-party subpoena if the information sought by the subpoena implicates a personal right or privilege of the party." *Ponder v. Ocwen Loan Servicing, LLC*, No. 19-mc-91215-ADB, 2019 WL 2249675, at *2 (D. Mass. May 24, 2019).

## DISCUSSION

Defendants contend that Plaintiff's subpoenas appear to request all data related to Defendants' prior cell phone numbers for an eight-month span, including personal information completely unrelated to Plaintiff's claims. Defendants thus argue the subpoenas should be quashed because they are overly broad. Plaintiff argues that it owns all the data associated with the cell phone numbers and accounts and, therefore, it is entitled to all the information related to the phones.

The preliminary issue is the extent, if any, that Defendants have a privacy interest in the cell phone numbers/accounts during the time for which the documents are requested. "Several courts have considered the relevant privacy interests at stake when employers access personal emails or files stored on company-owned devices or accounts," usually in the context of claims by employees for invasion of privacy by employers. *Pierre v. Griffin*,

No. 20-cv-1173-PB, 2021 WL 4477764, at *4 (D. N.H. Sept. 30, 2021). "Those courts have concluded that employees' privacy rights are often diminished but are not necessarily expunged in the workplace." *Id.* In *Loughnane v. Rogers*, No. 19 C 0086, 2019 WL 4242486, *6 (N.D. Ill. Sept. 6, 2019), for example, the court rejected an employer's contention that a former employee could not assert a claim based on an expectation of privacy regarding personal data on a company-issued cell phone which the employer accessed after the employee left the company. *Id.*, 2019 WL 4242486, at *6.

Here, given Defendants' use of company-owned phones for personal business while employed by Plaintiff from 2018 to 2022, and given that Plaintiff's policy permits some personal use of company-owned phones, the Court is persuaded that Defendants had during their use of the phones and continue to have a reasonable expectation of privacy as to the personal information associated with phone numbers and accounts related to the company-owned phones assigned to them. Because the subpoenas direct Verizon to produce documents that include Defendants' personal information, the Court will quash the subpoenas. Plaintiff, however, is entitled to obtain all non-personal information associated the phone numbers and accounts through new subpoenas to Verizon as authorized herein.

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendants' motion to quash the subpoenas Plaintiff directed to Verizon.

Plaintiff may serve subpoenas upon Verizon directing Verizon to produce the documents requested in the original subpoenas to Defendants' counsel. Upon receipt of the documents, Defendants shall produce all non-personal information to Plaintiff.

Defendants shall also provide to Plaintiff a log of the withheld documents with sufficient detail to permit Plaintiff, and the Court, if necessary, to assess whether the withheld documents can reasonably be considered to consist of personal information.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of October, 2022.