UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEAD RIVER COMPANY, LLC,     ) | |
|                                         ) | |
|           Plaintiff                ) | |
|                                         ) | |
|     v.                                    ) | 2:22-cv-00049-JAW |
|                                         ) | |
| KENNETH BOYINGTON, et al.,    ) | |
|                                         ) | |
|          Defendants         ) | |

**ORDER ON PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT**

Plaintiff alleges Defendants Boyington and Goodwin, two former employees of Plaintiff, breached their duty of loyalty to Plaintiff and misappropriated Plaintiff's proprietary, confidential and trade secret information. (Complaint, ECF No. 1.)  Plaintiff seeks to amend its complaint, in part, to assert claims against two new defendants, Richard Crowley and Emily Crowley.  (Motion, ECF No. 37.)  Defendants oppose the motion to amend.  (Qualified Objection to Plaintiff's Motion for Leave to Amend, ECF No. 39.)

Following a review of the relevant pleadings and after consideration of the parties' arguments, the Court grants Plaintiff's motion.

## BACKGROUND

In 2018, Plaintiff acquired from Richard and Emily Crowley the assets of Crowley Energy,[1] a fuel-oil and propane business.  (Complaint ¶ 7.)  Defendants were working for Crowley Energy at the time of its acquisition by Plaintiff, and both became employed by

---

[1] Crowley Energy was the d/b/a of Coastway Transportation, Inc.  (Complaint ¶ 7.)

Plaintiff after the acquisition.  (*Id.* ¶ 11.)  Plaintiff terminated Defendants' employment on January 25, 2022, after learning that Defendants had formed a separate fuel business, Coastline Energy, LLC (Coastline).  (*Id.* ¶¶ 17-19, 29.)

In connection with the sale of Crowley Energy, Richard and Emily Crowley (the Crowleys) executed a "Consulting, Non-Competition and Confidentiality Agreement." (*Id.* ¶ 8.)  Plaintiff alleges the Crowleys breached the agreement when they provided Defendants with financial assistance in the creation and operation of Coastline.  (Proposed Amended Complaint, ECF No. 37-1.)

Plaintiff seeks to add the Crowleys as defendants and to assert a breach of contract claim against them.

## Legal Standard

When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required to amend the complaint.  Fed. R. Civ. P. 15(a)(2).  In such a case, the court is to grant leave to amend "freely" when "justice so requires."  *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

When a plaintiff seeks to add new defendants through a motion to amend the complaint, the joinder also must satisfy the requirements of Federal Rule of Civil Procedure

2

20(a)(2).  *Spencer v. Lewis*, 2014 WL 1364791, at *1 (D. Mass. Apr. 4, 2014); *see also Waters v. Day & Zimmerman NPS*, 23 F.4th 84, 96 (1s Cir. 2022) ("Rule 20 sets the limit for allowing additional parties to join a pre-existing lawsuit …."). Pursuant to Rule 20(a)(2), a person may be joined in an existing action as a defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "Whether to permit joinder of parties is within the discretion of the court, and 'the rules governing party joinder are construed liberally for the sake of convenience and economy." *Wilimington Trust, Nat'l Ass'n, v. Howe*, No. 2:21-cv-00278-NT, 2022 WL 1522247, at *2 (D. Me. May 13, 2022); *see also Arista Recs. LLC v. Does 1-27*, 584 F. Supp. 2d 240, 251, 261 (D. Me. 2008) (courts construe Rule 20 "as broadly as possible whenever doing so is likely to promote judicial economy" because its purpose is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.") (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 1652 at 395, 1653 at 414 (3d ed. 2010)).

## DISCUSSION

Defendants argue that the breach of contract claim Plaintiff proposes to assert against the Crowleys is distinct from the federal trade secret and state law claims Plaintiff asserts against Defendants.  Defendants contend Plaintiff asserts no right to relief against Defendants and the Crowleys "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2)(A).

3

This first prong of Rule 20(a)(2) is sometimes referred to as the "transaction" requirement. *See, e.g.*, *Arista Recs.*, 584 F. Supp. 2d at 261; *Wilimington*, 2022 WL 1522247, at *2. That is, "the right to relief must be asserted by … plaintiff … against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences." 7 Wright, Miller & Kane, §§ 1653 at 414. "[A]ll 'logically related' events entitling a person to institute a legal action against another are generally regarded as comprising a transaction or occurrence." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); *see also McCormick v. Festiva Dev. Grp., LLC*, 269 R.R.D. 59, 64 (D. Me. 2010) (quoting same). "This is a flexible test where the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008); *see also McCormick*, 269 R.R.D. at 64 (quoting same).

Here, Plaintiff's proposed breach of contract claim is based on the Crowleys' alleged involvement in Defendants' formation and operation of Coastline. Defendants' conduct in the formation of Coastline is central to Plaintiff's complaint against Defendants. That Plaintiff' seeks to assert a different claim against the Crowleys is not controlling. *See, e.g.*, *Evans v. Thompson*, Civil Action No. 14-13024-JD, 2016 WL 2901729, at *2 (D. Mass. May 18, 2016) (permitting joinder of additional claims against additional defendants because all of the claims arose out of plaintiff's placement in, and the conditions of, solitary confinement and thus the "allegations in [plaintiff's] proposed SAC is in keeping with the scope and nature of his original and amended complaints."); *see also Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1276 (M.D. Ala. 2001) (finding the requirements of Rule

20 were met where plaintiffs "sought several liability against two defendants for damages sustained as a result of the same alleged work-related incident. Although the claim against one defendant is for workers' compensation and the claims against the others are tort claims, the claims seem to at least involve common questions of fact. In addition, the Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only 'several' liability."). Plaintiff has satisfied the "transaction" requirement for joinder under Rule 20(a).

Under Rule 20(a)(2)(B), joinder is permitted if there is any common question of law or fact. Fed. R. Civ. P. 20(a)(2)(B). Defendants argue that it is "doubtful" there are any legal questions in common. (Qualified Objection at 3.) Joinder does not require common questions of law and fact. *See, e.g., Brooks*, 176 F. Supp. 2d at 1276 (no misjoinder where workers' compensation claim brought against one defendant with tort claims against the other defendants because all the claims "involve[ed] common questions of fact."). Regardless of whether the proposed claim against the Crowleys presents questions of law common to Plaintiff's claim against Defendants, the claim clearly includes facts common to the claims against Defendants. Plaintiff has satisfied the requirements for joinder under the second prong of Rule 20(a).

Finally, Plaintiff has not been dilatory in asserting the motion and the Court discerns no prejudice to Defendants if the amendment is allowed. Discovery is not complete, and the amendment will not materially delay the conclusion of the case.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion to amend. Plaintiff shall file the amended complaint within three (3) business days of the date of this order.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 11th day of October, 2022.