UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEAD RIVER COMPANY, LLC, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) 2:22-cv-00049-JAW |
| KENNETH BOYINGTON, et al., | ) ) ) ) |
| Defendants | ) |

### ORDER ON MOTION TO STRIKE REQUEST FOR JURY TRIAL AND ON MOTION FOR JURY TRIAL

In this action, Plaintiff alleges that two of its former employees, Defendants Kenneth Boyington and Narissa Goodwin, improperly used Plaintiff's trade secrets and other confidential information to establish a competing fuel delivery business. Plaintiff also asserts that Defendants Richard and Emily Crowley breached the terms of an asset-purchase agreement when they assisted Defendants Boyington and Goodwin in establishing their competing business.

The matter is before the Court on Plaintiff's motion to strike Defendants Crowley's jury trial demand (ECF No. 61) and on the motion for jury trial filed by Defendants Boyington and Goodwin (ECF No. 60.) Following a review of the record and after consideration of the parties' arguments, the Court denies Plaintiff's motion to strike and grants the motion for jury trial.

**PROCEDURAL BACKGROUND**

On February 17, 2022, Plaintiff filed its complaint against Defendants Boyington and Goodwin. Defendants Boyington and Goodwin did not request a trial by jury in their

answer or at any time before the Court issued a scheduling order. Because Plaintiff did not request a jury trial, the Court's scheduling order reflected that a jury trial was not demanded.

After obtaining leave of court, on October 14, 2022, Plaintiff filed an amended complaint, which included Plaintiff's claims against Defendants Crowley. On December 15, 2022, Defendants Crowley answered the amended complaint and demanded a jury trial.

On July 17, 2023, Defendants Boyington and Goodwin moved, pursuant to Federal Rule of Civil Procedure 39(b), for a trial by jury. On July 28, 2023, Plaintiff filed its opposition to the motion, and moved to strike Defendants Crowley's demand for a jury trial.

## DISCUSSION

### A.  Motion to Strike

Plaintiff argues that Defendants Crowley waived their right to a jury trial as part of the agreement by which they sold the assets of their fuel business, Coastway Transportation, Inc., to Plaintiff (the Asset Purchase Agreement).

The Asset Purchase Agreement provides in relevant part:

> 8.8 WAIVER OF JURY TRIAL. EACH OF THE PARTIES MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THIS AGREEMENT, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT OR THE TRANSACTIONS CONETMPLATED HEREUNDER, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY, OR THEIR OFFICERS, DIRECTORS, PRINCIPALS, ATTORNEYS OR REPRESENTATIVES. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT OF THE PARTIES TO ENTER INTO THIS

answer or at any time before the Court issued a scheduling order.  Because Plaintiff did not request a jury trial, the Court's scheduling order reflected that a jury trial was not demanded.

After obtaining leave of court, on October 14, 2022, Plaintiff filed an amended complaint, which included Plaintiff's claims against Defendants Crowley.  On December 15, 2022, Defendants Crowley answered the amended complaint and demanded a jury trial.

On July 17, 2023, Defendants Boyington and Goodwin moved, pursuant to Federal Rule of Civil Procedure 39(b), for a trial by jury.  On July 28, 2023, Plaintiff filed its opposition to the motion, and moved to strike Defendants Crowley's demand for a jury trial.

## DISCUSSION

### A.  Motion to Strike

Plaintiff argues that Defendants Crowley waived their right to a jury trial as part of the agreement by which they sold the assets of their fuel business, Coastway Transportation, Inc., to Plaintiff (the Asset Purchase Agreement).

The Asset Purchase Agreement provides in relevant part:

> 8.8 <u>WAIVER OF JURY TRIAL</u>. EACH OF THE PARTIES MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THIS AGREEMENT, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT OR THE TRANSACTIONS CONETMPLATED HEREUNDER, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY, OR THEIR OFFICERS, DIRECTORS, PRINCIPALS, ATTORNEYS OR REPRESENTATIVES. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT OF THE PARTIES TO ENTER INTO THIS

>     AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREIN.

Defendants Crowley contend that because Plaintiff's claim against them is based on an alleged breach of their obligations under two Consulting Non-Competition and Confidentiality Agreements (Non-Competition Agreements), the waiver provision of the Asset Purchase Agreement does not apply.

On the same day the parties signed the Asset Purchase Agreement, the parties signed the Non-Competition Agreements. The Non-Competition Agreements, which do not include a jury waiver provision, were designated as exhibits to the Asset Purchase Agreement.

In the amended complaint, Plaintiff quotes portions of the Non-Competition Agreements as a basis of the obligations Defendants Crowley violated. Plaintiff's obligations under the Non-Competition Agreements are central to Plaintiff's claims against Defendants Crowley. Plaintiff maintains the jury waiver applies because the Asset Purchase Agreement provides that "[t]he Exhibits and Schedules attached hereto are a part of this Agreement and incorporated herein." Defendants argue the Non-Competition Agreements are fully integrated as evidenced by the following provision in each of the Non-Competition Agreements:

> This Agreement constitutes the sole and entire agreement of the parties hereto with respect to the matters covered hereby and supersedes all prior negotiations and written, oral or implied representations, warranties,

>commitments, contracts and understandings between the parties with respect to such matters.

"There is a presumption against denying a jury trial based on waiver, and waivers must be strictly construed." *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002) (citing *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937). A court must "look to the plain language of the contract's jury waiver to determine whether it unambiguously covers the claims asserted" and to determine if the waiver was made knowingly and voluntarily. *Id*. at 19. Here, the issue is whether the waiver provision of the Asset Purchase Agreement unambiguously covers Plaintiff's claims against Defendants Crowley.

"The interpretation of a contract, including whether or not its terms are ambiguous, is a question of law . . . ." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 10, 878 A.2d 504, 507. A contract's language is ambiguous when it is reasonably susceptible of different interpretations. *Combined Energies v. CCI, Inc.*, 628 F. Supp. 2d 226, 236 (D. Me. 2009) (citing *Lee v. Scotia Prince Cruises, Ltd.,* 2003 ME 78, ¶ 9, 828 A.2d 210, 213; *Nadherny v. Roseland Prop. Co.,* 390 F.3d 44, 48–49 (1st Cir. 2004).

As to the jury waiver provision, the language in the Asset Purchase Agreement and the incorporated Non-Competition Agreements is ambiguous. The parties signed the Non-Competition Agreements separate from the Asset Purchase Agreement and the Non-Competition Agreements provide that the agreements constitute the "entire agreement of the parties hereto with respect to the matters covered hereby." The "matters covered hereby" are Defendants Crowley's non-competition obligations. The language in the Asset

Purchase Agreement cannot be read to unambiguously incorporate the jury waiver provision into the Non-Competition Agreements. The language can as easily be read to provide that the non-competition agreements are simply additional consideration for the entire transaction. The Court, therefore, concludes that the waiver language in the Asset Purchase Agreement did not unambiguously waive Defendants Crowley's right to a trial by jury on Plaintiff's claims against them. *See Partners Coffee Co., LLC v. Oceana Servs. & Prod. Co.*, No. CIV. A. 09-236, 2009 WL 4572911, at *13–16 (W.D. Pa. Dec. 4, 2009) (declining to interpret a jury waiver in a consulting agreement to cover claims arising out of a simultaneously executed asset purchase agreement despite the asset purchase agreement's references to the consulting agreement because the intent to interpret consistently the terms of two contracts does not imply an unambiguous intent to incorporate bodily the separate terms of another contract).

**B.     Motion for Jury Trial**

On the motion for jury trial filed by Defendants Boyington and Goodwin, Plaintiff primarily cites the delay in the filing of the motion in its opposition to the motion. Defendants filed the motion approximately seventeen months following the filing of the complaint and nearly nine months after the amended complaint was filed. Defendants assert the delay in requesting a jury trial was the result of inadvertence and a belief that Defendants Crowley's demand established a jury trial for all parties.

Federal Rule of Civil Procedure 38 provides in relevant part: "a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served."

Fed. R. Civ. P. 38(a). Furthermore, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Pursuant to Federal Rule of Civil Procedure 39, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Consistent with the Rule, the First Circuit has determined that "the district court may, in its discretion, excuse a party's waiver of a jury trial." *T G Plastics Trading Co. v. Toray Plastics (Am.), Inc.*, 775 F.3d 31, 36 (1st Cir. 2014). The court's discretion to do so "is very broad." *Id.* (quoting *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199 – 200 (1st Cir. 1987)). The typical factors that guide the exercise of discretion include: (1) whether the issues are best tried to a jury; (2) whether relief from waiver would disrupt the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of any resulting delay; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id.*

The claims asserted against Defendants Boyington and Goodwin, other than Plaintiff's request for injunctive relief, are routinely tried to a jury. Furthermore, because the Court has determined that Defendants Crowley are entitled to a trial by jury, the grant of Defendants Boyington and Goodwin's motion would not impact the court's calendar, result in a delay of the trial, alter Plaintiff's schedule, or otherwise prejudice Plaintiff.[1] The

---

[1] "Prejudice must arise from the untimeliness of the demand, not simply from the possibility of a jury trial." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 928 F. Supp. 394, 398 (S.D. N.Y. 1996).

sole factor that arguably favors a denial of the motion is the reason or reasons offered by Defendants Boyington and Goodwin for the delay in making the request.

The reason for the delay is more relevant and potentially significant when the delay results in a corresponding delay in the trial or in some prejudice to another party. *See Felekey v. American Tel. & Tel. Co*., No. 3:02 CV 691 (CFD), 2006 WL 2949279, at *1-2 (D. Conn. 2006) (allowing a late jury demand where delay was the result of inadvertence in the absence of prejudice, delay, and bad faith). In other words, where an untimely jury demand, if allowed, would result in the delay of the trial or prejudice to another party, the Court must assess the reason for the untimely demand to determine whether the reason is compelling enough to justify the resulting trial delay and prejudice. In this case, as explained above, because the claims against Defendants Crowley will be tried to a jury, the grant of the motion would not result in a delay of the trial or prejudice to Plaintiff. Under the circumstances, the lack of a compelling reason for the delay in requesting a jury trial is not sufficient to deny Defendants Boyington and Goodwin their constitutional right to a trial by jury.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to strike jury trial and grants Defendants Boyington and Goodwin's motion for jury trial.

## **NOTICE**

      Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

<div align="right">

/s/ John C. Nivison
U.S. Magistrate Judge

</div>

Dated this 13th day of October, 2023.